Van Brunt, P. J
It is very clear from an examination ■of the brief record which is brought up upon this appeal that there was a question to be passed upon by the jury and that the learned judge misapprehended the evidence which had been introduced. The complaint seems to have been dismissed upon, the ground as to which there was no evidence whatever in the case, namely, that there was a rule of the railroad company forbidding passengers to ride on the front platform.
We have not been referred to any evidence to show that any such rule existed, and even if such a rule did exist, it is doubtful whether it would relieve the company from liability.
There was a conflict of testimony between the driver and the plaintiff, as to the circumstances which resulted in the collision between the driver’s fist and the plaintiff’s tooth; .and in this conflict the plaintiff seems to have been considerably supported by the evidence of the gentleman who was *552 upon the platform and saw the altercation, and who was called for the defendant.
The case therefore, presented a question of fact to be submitted to the jury, as, if the assault was committed in the manner described by the plaintiff, the defendant would be liable for the damages which he had sustained.
The suggestion of the counsel that in the case of Stewart v. Brooklyn Crosstown R. R. Co. (90 N. Y., 588), the liability of carriers was pushed to the utmost verge, and that the rule will undoubtedly be greatly limited by the later decisions, is, we think, rather the product of the counsel’s wishes than of any tendency shown upon the part of the courts to relieve railroad companies from the responsibility which in that case was justly thrown upon them.
The judgment appealed from must be reversed and a new trial ordered, with costs to appellant to abide the event.
Brady, and Daniels, JJ., concur.